### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMAR CHATTERJEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 25-2233 (UNA) |
| | ) |
| JUDGE YVONNE WILLIAMS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

Plaintiff successfully sued HDFC Bank in the Superior Court of the District of Columbia. *See* Compl. at 6 (page numbers designated by CM/ECF). The Superior Court, the Hon. Yvonne Williams presiding, entered a default judgment against HDFC Bank, directing it to pay plaintiff $289,660.14 with post-judgment interest. *See* Order Granting Default Judgment, *Chatterjee v. HDFC Bank (HDB)*, No. 2018 CA 004838 B (D.C. Super. Ct. July 22, 2019). According to plaintiff, Judge Williams has refused to order payment of "post-judgement interest without any valid rationale, even though the Judgement in the case requires such payment." Compl. at 6.[1] Plaintiff has brought this action against Judge Williams and the Superior Court, alleging that Judge Williams' refusal to order payment of post-judgment interest "is an act of judicial

---

[1] It appears that plaintiff located assets belonging to HDFC Bank, *see* Compl. at 6, in an account with non-party JP Morgan Chase Bank, N.A., the balance of which was $301,246.55, and Judge Williams concluded plaintiff was entitled to a condemnation judgment for $289,660.14 only. *See* Order Granting Plaintiff's Request for Condemnation Judgment, *Chatterjee v. HDFC Bank (HBD)*, No. 2018 CA 004838 B (D.C. Super. Ct. May 27, 2025). She denied plaintiff's motion to amend the order to allow for collection of the balance remaining in the account ($11,586.94) for post-judgment interest as against JP Morgan Chase. *See* Omnibus Order Denying Plaintiff's Motions, *Chatterjee v. HDFC Bank (HBD)*, No. 2018 CA 004838 B (D.C. Super. Ct. June 24, 2025).

malpractice and fraud," *id*., which has caused him "serious harm," *id*., in the form of financial losses, *id*. at 4, "psychological harassment and delay in justice," *id*. He demands "$50,000 in damages as well as penalty against the Court and the Judge." *Id*. at 6. This Court simply cannot grant the relief plaintiff demands.

For starters, as a general rule, applicable here, this Court lacks jurisdiction to review the decisions or direct the actions of the Superior Court and its judges. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 415, 416 (1923)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. July 27, 1994), *cert. denied*, 513 U.S. 1150 (1995).

Second, plaintiff's claim against Judge Williams fails because absolute judicial immunity protects her. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray,* 386 U.S. 547, 553–54 (1967). Here, accepting plaintiff's allegations as true, Judge Williams was acting in her judicial capacity when she issued the rulings to which plaintiff objects. As a result, she is entitled to absolute judicial immunity from suit. *See Mirales v. Waco*, 502 U.S. 9, 11 (1991) (holding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Fuller v. Mott*, No. 14-cv-0711, 2014 WL 1688038, at *1 (D.D.C. Apr. 23, 2014) (dismissing claim for damages against Superior Court judge because he enjoys absolute immunity).

This Court GRANTS plaintiff's application to proceed *in forma pauperis* (ECF No. 2)

and DISMISSES his *pro se* complaint (ECF No. 1).  An Order is issued separately.

DATE: July 31, 2025                                         /s/
                                                           TIMOTHY J. KELLY
                                                           United States District Judge